Edward Robinson, Jr., J.
In this action the plaintiff, H. L. Klion, Inc., seeks a declaratory judgment construing a clause of the lease by virtue of which they occupy certain premises at New Cassel, Westbury in the Town of North Hempstead, Nassau County, New York, by which clause the tenant .had agreed to pay certain increases in taxes levied against the premises. The defendant, as the owner and landlord of the premises under the lease, likewise seeks a declaratory judgment construing such clause and inserts in its answer one other- counterclaim for payments alleged to have become due under the clause and a counterclaim for counsel fees alleged to be due pursuant to the terms of the lease.
The lease in question was dated October 21, 1958 and is made between Pinnacle Construction Corp. as landlord and Furniture Center at Westbury, Inc., as tenant for a term of 20 years under the terms of which lease the premises were to be used and occupied for offices, general warehousing and light manufacturing. Under the lease the landlord agreed, to erect upon the premises a building containing approximately 60,210 square feet in accordance with plans annexed to- the lease. The plaintiff, *549 H. L. Klion, Inc., has legally become the successor in interest to all rights of the corporation Furniture Center at Westbury, Inc., as tenant under such lease and is concededly in occupation of the premises pursuant to the terms of the lease. The defendant is the assignee of all right, title and interest of the landlord Pinnacle Construction Corp., under the lease and stands in the position of said Pinnacle Construction Corp., as landlord of the premises.
The clause in question reads as follows: “ 34th. The Tenant agrees to pay any and all increases in the taxes assessed and levied against the premises herein, above the taxes which shall be due and payable for the tax years during which the premises as improved shall be first assessed, as well as any special assessments imposed upon the demised premises for any purpose whatsoever during the term hereof, and the Tenant does hereby agree that the Landlord shall pay such increase and/or assessment in behalf of the Tenant when same shall become due and payable, and the amount of such increase and/or assessment shall be considered as part of the rent payment next due and payable after the date of payment of such increase and/or assessment by the Landlord. The official tax bill of the taxing authority shall be sufficient proof of the dollar amount of the tax payable. ’ ’
It was stipulated upon the trial that the building upon the premises was completed in August, 1959 and that the tenant took occupancy at or prior thereto. The premises are located in an unincorporated area and are subject to two specific taxes, State, county and town covering a fiscal year from January 1 to December 31 in each year, and school tax covering a fiscal year from July 1 to June 30. The same assessment roll is used for both taxes, which assessment roll is completed by May 1 for the purpose of the school tax for the fiscal year 1959-60 and the State, county and town tax for the year 1960. The premises Avere assessed as vacant land for the sum of $15,000. The assessment roll used as the basis of the tax for the school year 1960-61 and the 1961 State, county and town tax, assessed the premises at a total valuation of $170,950, the land being assessed at $15,000 and the improvements being assessed at $155,900. In the next year the assessment roll for the school tax 1961-62 and for the State, county and toAvn tax 1962, fixed the total value of the premises at $195,150. The assessed valuation of the improvements' at that time remained the same as in the previous year, $155,900, but the assessed valuation of the land itself was increased to $39,200. The 1961 State, county and town tax as levied was $6,620.89 and the 1960-61 school tax as levied was *550 $7,949.18. The defendants claim that these two taxes are the base for computing any amount that might be due and owing from the tenant under section 34 of the lease. The 1962 State, county and town tax was $8,475.36 and the 1961-62 school tax was $9,777.02. The plaintiff claims that these two taxes constitute the base for computing any amount that might be due and owing from the tenant under section 34 of the lease.
There was no testimony offered on the trial in the way of parol evidence to explain any alleged ambiguity in the clause itself. The only witness who testified was the Chief Clerk of the Board of Assessors of the County of Nassau.
Plaintiff claims that the purpose of the clause in question was that after the improvements had been completed and the entire premises, including land and building, had first been assessed as improved that such assessment should establish the base period and that the tenant was to pay the increases over such base period. Plaintiff further claims that upon the completion of the building there was an assessment covering the building but that the actual assessment on the basis of improved property was not made as against the land until the following year.
The court cannot agree with the construction sought by the plaintiff. The clause in question has been used in the real estate field for many years. Upon reading the clause it does not appear to be ambiguous. The tenant agrees to pay any and all increases in the taxes assessed and levied against the premises above the taxes which shall be due and payable for the tax years during which the premises as improved shall be first assessed. It is obvious from the agreement itself that the parties contemplated an increase in taxes by the erection of the improvements and that the first bill based on such improvements would be used as the base under section 34 of the lease. Certainly it was not contemplated that the parties should wait until the assessing authorities should decide whether or not the basic value of the land itself was increased by reason of the building up of a business in that area. It is common knowledge that the value of land increases where business areas develop but, on the other hand, may decrease if an attempt to establish business should fail.
On the trial the plaintiff offered proof to show that vacant land in the vicinity of the premises involved in this action which remained on the assessment roll as vacant land continued to be assessed on an acreage basis at $5,000 an acre whereas improved lands were assessed on a square foot basis, and that the value of the land by this method became higher. The defendant objected upon the trial to this testimony and the court reserved *551 decision on a motion to strike it from the record. That motion is denied and the testimony is allowed to stand so that the court may consider the entire arguments of the plaintiff. It is the contention of the plaintiff that this particular fact showed a method of assessment which would lead to the conclusion that by the erection of a building upon the land the method of evaluating the land was immediately changed from an acreage basis to a square foot basis, and that thus, because of that fact, the section of the lease involved should be so construed as to fix the base as the taxes for 1962 State, county and town and the 1961-62 school tax. The evidence does not sustain plaintiff’s argument. If it were correct then for the assessment roll adopted May 1, 1960 when the building, admittedly, had been completed for nine months, the assessed valuation of the land itself would have been increased by placing it on a square foot basis. However, it was not and the valuation of the land in that year remained at $15,000 while the total assessed valuation was $170,950.
On all of the evidence the court finds and construes section 34 of the lease to the effect that the school taxes for the year 1960-61 in the amount of $7,949.18 and the State, county and town tax for the year 1961 amounting to $6,620.89 constitute and are the base for computing any amount that might be due and owing from the tenant under section 34 of the lease.
Judgment is directed in favor of the defendant so declaring and construing section 34 of the lease. On the basis of this decision the defendant is entitled to judgment in the sum of $1,841.15 under the second counterclaim contained in its answer which sum represents the differenqe between the base tax for the years 1961-62 school, and 1962 State, county and town tax in the sum of $14,570.07 and the actual tax levied for those two taxes in the amount of $18,252.38, less, however, the sum of $1,841.16 actually paid by the plaintiff on account thereof.
Paragraph 28 of the lease in question provided that if the tenant shall at any time be in default under the lease and if the landlord shall institute an action or summary proceeding against the tenant based upon such default, the tenant will reimburse the landlord for the expense of attorneys’ fees and disbursements thereby incurred by the landlord so far as the same are reasonable in amount, and the landlord shall have the right to collect the same as additional rent.
The court holds that under the facts in this ease the plaintiff was in default in payment of the amounts due under the lease and that the insertion of counterclaims in the action commenced by the plaintiff is tantamount to the institution of an action or summary judgment within the meaning of article 28 of the lease. *552 It was stipulated upon the trial that if counsel had taken the stand and testified he would have testified that the reasonable value of his services in the action was $500. There being no testimony to contradict this amount the court finds the reasonable value of the counsel fees to be $500 and further directs judgment in favor of the defendant against the plaintiff for that amount under the third counterclaim contained in the answer.