■ H. L. KLION, INC., Appellant, v. VENIMORE BUILDING CORP., Respondent. — In an action to declare the rights of the parties under the 34th paragraph of a certain lease or, in the alternative, to reform said lease, in which the defendant interposed, *inter alia*, a counterclaim to recover attorney's fees under the 28th paragraph of the lease, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered July 15, 1963 upon the court's

decision after a nonjury trial, in favor of the defendant. Judgment modified on the law and the facts as follows: (1) by striking out its second decretal paragraph declaring that under the 28th paragraph of the lease the defendant is entitled to $500 as reimbursement for its expense of prosecuting its counterclaims; (2) by striking out from the 4th decretal paragraph the award of $500 to the defendant and reducing the defendant's total recovery thereunder to $77.25, the amount of the costs; and (3) by adding a decretal paragraph dismissing the defendant's counterclaim for attorney's fees of $500. As so modified, the judgment is affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. The trial court was correct in its determination that, under the terms of the subject lease, the tax years which constitute the correct base for the computation of the additional rent due by reason of subsequent increases in taxes are the 1960–1961 school tax year and the 1961 State, county and town tax year. However, we do not believe defendant was entitled to the award of $500. Upon the record before us, we do not find: (a) that, as contemplated by paragraph 28th of the lease, the plaintiff, as tenant, was "in default" of the lessee's obligations under the lease; or (b) that the defendant's assertion of its counterclaim for declaratory judgment and its counterclaim for additional rent because of increases in taxes was the equivalent of the institution by defendant of "an action or summary proceeding against the Tenant based upon * * * default" of the tenant. Christ, Brennan and Hopkins, JJ., concur; Ughetta, Acting P. J., and Kleinfeld, J., concur in the modification of the judgment with respect to the dismissal of the defendant's third counterclaim for attorney's fees of $500, but dissent from the affirmance of the judgment with respect to the rights of the parties under the 34th paragraph of the lease, and vote to declare that under said paragraph the base for the computation of any increased taxes to be paid by the plaintiff is the assessment, made for the 1961–1962 tax year, of $39,200 for the land and $155,950 for the building, with the following memorandum: Defendant's assignor, as landlord, leased vacant land to plaintiff's predecessor, as tenant, for a term of 20 years. The lease provided that the lessor shall construct a building according to specified plans, and that the tenant shall pay any increases in taxes "above the taxes which shall be due and payable for the tax years during which the *premises as improved* shall be *first* assessed" [emphasis added]. The lease was dated October 21, 1958. The 20-year term commenced June 1, 1959. For the 1959–1960 tax year the assessment was $15,000 for the unimproved land. The building was erected in the Summer of 1959. For the ensuing 1960–1961 tax year, the assessment was $155,950 for the building, and $15,000 for the land—the land assessment being the same as it was for the previous year, although the land was no longer unimproved. In the 1961–1962 tax year, the building was again assessed, without increase, at $155,950. The land assessment, however, was increased, plainly because of the improvement, from $15,000 to $39,200. This was the first assessment of the *premises* as improved. Generally, upon the erection of a building on land formerly vacant, it is the practice of the tax assessor to promptly increase the land value for the ensuing tax period. He does so on the theory that the building improvement not only justifies an assessment on the building itself, but also an increased assessment on the land because the building usually enhances the land's intrinsic value. There is no need, however, to rely exclusively on such general practice. Here, the proof clearly establishes that the tax assessor recognized and intended to adhere to the general practice, and that it was only through an oversight that the practice was not effectuated and that the land value was not increased

for 1960–1961 — the first tax year following the erection of the building. Whatever the reason for such failure, the fact remains that the *premises as improved* were *first* so assessed for the succeeding tax year, 1961–1962, when the land value assessment was first increased by reason of the erection of the building. In our opinion, therefore, 1960–1961 was not (as defendant contends and as the majority of this court holds) the tax year during which the premises as improved, were first assessed. The first assessment of the *premises as improved,* could occur only when the land was first assessed *as improved land,* and not as vacant land. That occurred in the 1961–1962 tax year. [39 Misc 2d 547.]